NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSE A. HERRERA, <br><br> Plaintiff, <br><br> v. <br><br> QUINLAN L. MURPHY, et al., <br><br> Defendants. | Civil Action No. 17-4293 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before the Court on the motion for summary judgment filed by Defendant Steven V. Murphy, pursuant to Federal Rule of Civil Procedure 56. Plaintiff Jose A. Herrera opposes the motion. The Court has reviewed the papers submitted and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendant Steven Murphy's motion for summary judgment will be granted.

### I. BACKGROUND

This negligence action arises from a motor vehicle accident. On July 3, 2015, at approximately 2:15 a.m., a 2004 Ford Explorer (hereinafter, the "Explorer") driven by Plaintiff Jose Herrera collided with a 2011 Volkswagen Jetta (the "Jetta") driven by Defendant Quinnlyn Murphy (pled as "Quinlan Murphy") in Jersey City, New Jersey. Defendant Steven Murphy is Quinnlyn's father. Steven Murphy was not involved in the car accident. He did, however, own the Jetta.

1

At the time of the accident, Quinnlyn Murphy and three friends were on their way to Watchung, New Jersey, after leaving a concert they had attended in New York City. As the Jetta entered the intersection of Center and Grand Streets in Jersey City, Ms. Murphy observed the Explorer approaching at what she has described as a high rate of speed. Ms. Murphy asserts that she applied the brakes and brought the Jetta to a stop, but the Explorer continued moving. Ms. Murphy further asserts that the Explorer entered the intersection and struck the front of the Jetta.

Mr. Herrera, a resident of New Jersey, filed this lawsuit in New Jersey Superior Court on or about January 23, 2017, seeking relief for personal injuries, property damage, and lost wages he allegedly sustained as a result of the accident. The Complaint pleads two causes of action: a negligence claim against Quinnlyn Murphy and a negligent entrustment claim against Steven Murphy. Defendants, who are both residents of Vermont, thereafter removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).

Defendant Steven Murphy now moves for summary judgment on the negligent entrustment claim.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 56(a) sets the standard the Court must apply to the motion for summary judgment. Rule 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (construing the similarly worded Rule 56(c), predecessor to the current summary judgment standard set forth in Rule 56(a)). It is well-established that a factual

dispute is genuine if a reasonable jury could return a verdict for the non-movant and material if, under the substantive law, the dispute would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a district court "must view the evidence 'in the light most favorable to the opposing party.'" Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). It may not make credibility determinations or engage in any weighing of the evidence. Anderson, 477 U.S. at 255; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (holding same).

Once the moving party has satisfied its initial burden, the nonmoving party must establish the existence of a genuine issue as to a material fact in order to defeat the motion. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). To create a genuine issue of material fact, the nonmoving party must come forward with sufficient evidence to allow a jury to find in its favor at trial. Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001), overruled on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emp'rs, 134 S. Ct. 773 (2014). The party opposing a motion for summary judgment cannot rest on mere allegations; instead, it must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; see also Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) (holding that "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment"). Indeed, Rule 56(c)(1) expressly requires a party who asserts that a fact is genuinely disputed to support that assertion by:

> (A) *citing* to *particular parts of materials in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B)

3

> showing that *the materials cited* do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1) (emphasis added). If the non-movant fails to "properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

### B. Negligent Entrustment

In his motion for summary judgment, Steven Murphy argues that his mere ownership of the Jetta and his family relationship with his daughter are insufficient to establish a prima facie claim of negligent entrustment against him. He maintains that, to prevail on the claim, Plaintiff must prove both (1) that Quinnlyn Murphy was acting as an agent of her father, Steven Murphy, at the time of the accident and (2) that he was negligent in entrusting Quinnlyn with the use of the Jetta. Mr. Murphy contends that Plaintiff has proffered no evidence of either essential element.

Mr. Murphy is correct. It is well-established under New Jersey law that "the owner of a motor vehicle is not liable for the negligence of the operator the vehicle, unless the operator is acting as the owner's agent or employee." Haggerty v. Cedeno, 279 N.J. Super. 607, 609 (App. Div. 1995). Agency cannot be based on the mere fact that owner and operator have a family relationship, even when the vehicle owner has given his or her relative permission to use the vehicle. See Willet v. Ifrah, 298 N.J. Super. 218, 220 (App. Div. 1997); see also Guzy v. Gandel, 95 N.J. Super. 34, 36 (App. Div. 1967) (holding that "[t]he mere existence of the relationship of parent and child does not render a parent liable for his child's torts."). Rather, an agency relationship arises only if one family member is acting for another, that is, if the alleged

tortfeasor was engaged in an action for a "family purpose." Willet, 298 N.J. Super. at 220. New Jersey courts have held that "when one is on his own business, convenience or pleasure, he is acting solely for himself and not for any 'family purpose.'" Id. (citing various cases holding same). Accordingly, in Willet, the Appellate Division applied the family purpose test in a motor vehicle accident action to find that there was no basis for holding the defendant vehicle owner liable for his son's negligent operation of the vehicle. Id. The Willet court held that an agency relationship was not created by the parent's mere furnishing of the vehicle to his son for use as his transportation to and from school. Id. Because the Willet plaintiff had failed to proffer evidence of that the vehicle owner's son was acting for a family purpose, the Appellate Division held that the plaintiff had failed to establish an agency relationship and accordingly reversed summary judgment for the plaintiff. Id. Likewise, in this action, Mr. Herrera fails to proffer evidence that Quinnlyn Murphy was acting for a family purpose when operating the Jetta at the time of the subject accident. Indeed, the uncontroverted evidence belies any assertion that an agency relationship existed between Steven Murphy and his daughter with respect to her operation of the vehicle. Plaintiff concedes that at the time of the accident, that is, approximately 2:15 a.m. on July 3, 2015, Quinnlyn Murphy and her friends were on their way to Watchung, New Jersey after leaving a concert they attended in New York City. Based on the evidence in the record, no reasonable juror could conclude that Ms. Murphy was acting for a family purpose while operating Mr. Murphy's vehicle. Thus, as a matter of law, there is no genuine issue of fact concerning Mr. Murphy's lack of liability for Quinnlyn Murphy's alleged negligence.

      Moreover, insofar as Plaintiff is asserting that Steven Murphy's wrongdoing was not merely vicarious, but rather based on the theory that he was actively negligent in entrusting Quinnlyn Murphy with the Jetta, the claim fails for lack of evidence. The New Jersey Supreme

5

Court recognized this theory of liability in a case involving a motor vehicle accident which occurred while the vehicle was in the possession of an employee of the vehicle owner defendant. See Mead v. Wiley M.E. Church, 4 N.J. 200 (1950). The Mead Court held as follows: "The owner of an automobile may be liable for injury from the operation of that car placed in the hands of one *he knows or ought reasonably to know is incompetent to operate it* so that the owner ought reasonably to anticipate that in its operation injury will be done to others." Id. at 206 (emphasis added). Thus, to prevail on a negligent entrustment claim, a plaintiff must, at a minimum, come forward with evidence of the vehicle operator's incompetence. Id. In this case, Mr. Herrera does not proffer evidence creating a genuine dispute as to this material fact. He argues that a reasonable jury could find that Steven Murphy was negligent in light of the fact that Quinnlyn Murphy was, at the time of the accident, only 17 years old, an inexperienced driver, and, as resident of Vermont, unfamiliar with the roads in New Jersey. However, the driver's age and inexperience, without more, cannot support a conclusion of incompetence. As Defendant points out, the record indisputably shows that, at the time of the accident, Quinnlyn Murphy had a valid driver's license, demonstrating her legal qualification to drive. Further, Plaintiff comes forward with no evidence that Ms. Murphy suffered from any medical conditions that would interfere with her ability to drive or that she had a history of motor vehicle violations, such that a jury could arguably conclude that Mr. Murphy knew or should have known she was incompetent to operate a motor vehicle.

      Additionally, the Court must draw attention to the utter deficiency of Plaintiff's opposition, which lacks citations to evidence in the record indicating a factual dispute. Plaintiff fails to comply with Local Civil Rule 56.1, which requires the party opposing summary judgment to "furnish, with its opposition papers, a responsive statement of material facts,

addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion." L. Civ. R. 56.1(a). The local rule proceeds to warn that "any material fact not disputed [in such a responsive statement] shall be deemed undisputed for purposes of the summary judgment motion." Id. Indeed, this consequence echoes Rule 56, which similarly provides that "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

In spite of the opposition's deficiencies, the Court has searched the record before it and considered all facts in the light most favorable to Plaintiff. Even so, it finds no genuine dispute of material fact. Defendant Steven Murphy has demonstrated that he is entitled to summary judgment, pursuant to Rule 56(a).

### III.   CONCLUSION

For the reasons discussed, Defendant Steven Murphy's motion for summary judgment will be granted. An appropriate order will be filed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: November 17, 2020