NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSE A. HERRERA, | Civil Action No. 17-4293 (SRC) |
| Plaintiff, | OPINION & ORDER |
| v. |  |
| QUINLAN L. MURPHY, et al., |  |
| Defendants. |  |

**CHESLER**, District Judge

Defendant Quinnlyn Murphy ("Defendant" or "Ms. Murphy")[1] has brought three motions in limine before the Court: (1) a motion to bar Plaintiff's property damage claim [ECF 35]; (2) a motion to bar Plaintiff's wage loss claim [ECF 36]; and (3) a motion to bar Plaintiff's expert Dr. Vijaykumar Kulkarni from testifying about disc herniations [ECF 37].[2] Plaintiff Jose Herrera ("Plaintiff" or "Mr. Herrera") has opposed all three motions. The Court will address each one in turn.

Before proceeding with its analysis, the Court states that it will not reject Defendant's motions on the grounds of untimeliness. Plaintiff has argued that all three motions should be denied for failure to comply with the Final Pretrial Order, which required that all pretrial motions be filed no later than thirty days from the date of the Order, entered on August 13, 2020. As the

---

[1] Ms. Murphy is identified as "Quinlan Murphy" in the Complaint.

[2] At the time they were filed, the motions were also brought on behalf of Defendant Steven Murphy. The claims against Mr. Murphy have since been disposed of on summary judgment. Thus, the Court refers only to "Defendant" or "Ms. Murphy" throughout the Opinion.

1

thirtieth day thereafter fell on a weekend, the deadline for filing the motions was Monday, September 14, 2020. Fed. R. Civ. P. 6(a)(1)(C). Defendant's motions in limine were filed two days later, on September 16, 2020. "It is always within the discretion of a court or an administrative agency to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it. The action of either in such a case is not reviewable except upon a showing of substantial prejudice to the complaining party." Am. Farm Lines v. Black Ball Freight Svc., 397 U.S. 532, 539 (1970) (quotation omitted). Plaintiff does not argue, much less demonstrate, that the two-day delay in filing the motions at bar caused him any prejudice at all. The Court, in its discretion, will relax the deadline set forth in the Final Pretrial Order and consider the motions in limine on their merits.

1. Motion To Bar Property Damage Claim

Plaintiff claims that as a result of the subject motor vehicle accident, his 2004 Ford Explorer (the "Explorer") sustained $21,431.69 in damage. He basis this claimed loss on the estimated cost to repair the Explorer, as set forth in the August 28, 2015 report of Masterson Appraisal Service. Defendant contends that Plaintiff should be barred from pursuing this property damage claim because Plaintiff has not set forth evidence of the Explorer's market value and therefore cannot substantiate the claimed loss.

Defendant argues that Plaintiff cannot establish the property damage amount at trial because he is only entitled to repair cost damages if the Explorer can be repaired at a cost less than the difference between its market value before the accident and market value after the damage. See Parisi v. Friedman, 134 N.J.L. 273, 274-75 (1946) (holding that "the cost of repairs must not exceed the diminution in market value due to the injury" and that "the cost of repairs must not exceed the market value of the automobile immediately before the injury"); see also

Nixon v. Lawhon, 32 N.J. Super. 351, 354 (App. Div 1954) ("It is axiomatic that the measure of damages is the difference between the value of the automobile before and its value after the accident."). Defendant further argues that Plaintiff's request that the Court take judicial notice of the Explorer's market value according to the Kelley Blue Book should not be countenanced as such a valuation would constitute inadmissible hearsay evidence. In response, Plaintiff maintains that the Kelley Blue Book valuation is admissible under Federal Rule of Evidence 803(17), the hearsay rule exception for market reports and similar commercial publications. Rule 803(17) provides that "[m]arket quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations" are not excluded by the rule against hearsay. Fed. R. Evid. 803(17).

In light of the foregoing, Defendant's motion will be denied without prejudice. The Court finds that, if Plaintiff can establish the predicate to admit evidence under Rule 803(17), he may present at trial the Kelley Blue Book valuation as evidence of the Explorer's market value. In other words, the Court will not categorically bar such evidence, but Plaintiff cannot introduce it unless he demonstrates that the Kelley Blue Book is generally relied on by persons in the vehicle appraisal trade. Moreover, the Court notes that although Plaintiff has expressed an intent to rely on this valuation evidence, he has not, to date, disclosed the Kelley Blue Book value of the Explorer to Plaintiff. Thus, even if the evidence were admitted at trial as a hearsay exception, the Court expresses no opinion on whether Plaintiff can, in fact, prove he is entitled to a monetary recovery for damage to the Explorer.

2. Motion To Bar Wage Loss Claim

Mr. Herrera seeks to recover both past and future wages allegedly lost as a result of the injuries he sustained in the subject motor vehicle accident. He contends that the injuries caused

him to remain out of work for six weeks for recuperation and then, going forward, curtailed his ability to work and maintain the schedule he had prior to the accident. In all, Plaintiff makes a lost wage claim in the amount of $517,000. The claim is based on the analysis and calculations of Donald Welsch, Plaintiff's labor economist expert, as set forth in his May 31, 2019 report (the "Welsch report"). Defendant argues that Plaintiff's wage claim and the Welsch report lack a factual predicate and should therefore be barred. In particular, Defendant maintains that Plaintiff has proffered no competent evidence, that is, no opinion by a medical or vocational expert, stating that the injuries Plaintiff allegedly sustained in the accident impeded or prevented Plaintiff from working.

The Welsch report "summarizes the economic and financial losses suffered by Jose Herrera, as a result of the injury he sustained on July 3, 2015." (Welsch report at 1, ECF 39.) The report notes that, at the time of the accident, Mr. Herrera was 59 years old and employed full-time at the Waldorf-Astoria Hotel (the "Hotel") as a dishwasher. It further notes that Mr. Herrera returned to his dishwasher position and remained employed by the Hotel through March 1, 2017. The Welsch report then states as follows: "You have asked us to assume that, due to his injuries, he has remained unemployed and will remain unable to return to the workforce for the remainder of worklife expectancy." (Id. at 2.) The report proceeds to calculate Mr. Herrera's lost wages from the time of the injury onward through an expected retirement age of 67, based on the assumption that he would have remained employed at the Hotel as a dishwasher.

Nowhere in the Welsch report, however, does it state that the lost wage calculation is based on any facts or expert opinions concerning the link between the injuries Mr. Herrera allegedly sustained in the accident and his ability to maintain gainful employment. The sole predicate for the lost wage claim appears to be Plaintiff's own, unsupported input: the Welsch

4

report makes clear that Plaintiff asked the economist to assume that Mr. Herrera became and would remain unemployed due to the injuries he sustained in the July 2015 motor vehicle accident on which this case is based. Moreover, the facts in the record belie the information supplied to the economist. The Welsch report presumes that Plaintiff lost his dishwasher job and remained out of work due to his injuries, but Mr. Herrera himself admits that his employment at the Hotel terminated because the Hotel closed. He further admits that, after his Hotel employment concluded, he began working as a driver for Uber.

      The only record evidence concerning Plaintiff's limited ability to work due to the injuries allegedly sustained in the subject accident consists of the June 20, 2018 report of Plaintiff's medical expert Dr. Kulkarni ("Kulkarni report"). Although the Kulkarni report is not among the referenced bases for the Welsch report's lost wage analysis, Plaintiff argues that Dr. Kulkarni's opinions establish a sufficient predicate for the lost wage claim. Plaintiff asserts that Dr. Kulkarni opines that (1) "Plaintiff was unable to work for 6 weeks due to the injuries sustained in the accident and due to economic necessity he returned to work but a reduced level of performance and with pain" and (2) it is medically probable that the physical limitations Plaintiff identified will have a substantial impact on his ability to perform daily life activities, which include working and driving to work. (Pl. Br. at 3, ECF 39.)

      Contrary to Plaintiff's characterization, the Kulkarni report is largely unavailing as a basis for his lost wage claim. While it does opine that the injuries are permanent and the prognosis poor, the Kulkarni report offers no opinion regarding the effect of the injuries on Plaintiff's ability to work, except for the following: "As a result of the injuries suffered, this patient was unable to work for 6 weeks. Because of economic necessity he returned to work but at a reduced level of performance and with pain." (Kulkarni Report at 6, ECF 39.)

The Court acknowledges Defendant's observation that this opinion concerning lost work time simply re-states information Dr. Kulkarni received from Mr. Herrera. Nevertheless, the Court finds that the Kulkarni opinion as to the six weeks Herrera was unable to work will suffice as a basis for a portion of his lost wage claim. The remainder of the lost wage claim, however, lacks a factual basis, for the reasons discussed above. Herrera's lost wage claim is therefore limited to the losses he sustained for the six weeks he was unable to work at his Hotel dishwasher job allegedly as a result of his injuries.

Accordingly, Defendant's motion to bar Plaintiff's lost wage claim and the Welsch report will be granted in part and denied in part.

3.  Motion to Bar Dr. Kulkarni's Testimony Regarding Disc Herniations

Defendant moves to bar Dr. Kulkarni from testifying as to disc herniations Plaintiff allegedly sustained as a result of the July 3, 2015 motor vehicle accident on the grounds that such evidence constitutes inadmissible hearsay. The Court disagrees. The relevant background is as follows:

Plaintiff was involved in a 2012 motor vehicle accident. He underwent an MRI in August 2012 which showed that he sustained back and neck injuries. After the subject accident, Mr. Herrera underwent an MRI in July 2015. Based on his review of radiology reports of the 2012 films and 2015 films, respectively, Dr. Kulkarni concluded that the subject accident had aggravated Plaintiff's pre-existing back and neck injuries and resulted in "a new disc herniation L1-L2, L2-L3 status post medial branch block with residual posttraumatic fibromyositis with loss of range of motion." (Kulkarni report at 5, ECF 39.) Dr. Kulkarni did not review and compare the MRI films but rather relied on a radiologist's interpretation of the films to form his opinion.

Defendant maintains that Dr. Kulkarni's testimony as to the disc herniation is based on another declarant's finding and thus constitutes inadmissible hearsay evidence. However, under Federal Rule of Evidence 703, an expert witness is permitted to rely on hearsay evidence if it is the kind of data on which experts in his or her field would reasonably rely to form an opinion on the subject. Fed. R. Evid. 703. The rule provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703. Rule 703's advisory committee notes expressly recognize that "a physician in his own practice bases his diagnosis on information from numerous sources and of considerable variety, including statements by patients and relatives, reports and opinions from nurses, technicians and other doctors, hospital records, and X rays." Id., advisory committee's note to proposed rules.

In this case, Dr. Kulkarni relied on the reports of radiologists interpreting the 2012 and 2015 MRIs to form his opinion about the injuries Plaintiff sustained in the subject motor vehicle accident. The reports of another physician, and in particular a radiologist's interpretation of MRIs, is the type of evidence on which a surgeon like Dr. Kulkarni would reasonably rely. Therefore, contrary to Defendant's argument, it is not improper for Dr. Kulkarni to base his opinion regarding Plaintiff's disc herniations on those reports. Plaintiff argues that the evidence is not hearsay because the radiologist who interpreted Plaintiff's 2015 MRI films and wrote the report on which Dr. Kulkarni relied has been identified as a witness who will be called at trial. However, the Court notes that the Kulkarni report also relies on the 2012 MRI report, authored

by a different physician. Nevertheless, even if the radiology reports constitute hearsay, Dr. Kulkarni's expert testimony may rely on such information. Moreover, the Court finds that the radiology reports' probative value in assisting the jury to weigh the Dr. Kulkarni's opinion substantially outweighs any risk of prejudicial effect.

Defendant's motion to bar Dr. Kulkarni from testifying as to disc herniations will therefore be denied.

Accordingly, for the reasons discussed above,

**IT IS** on this 18th day of November 2020,

**ORDERED** that Defendant's motion to bar Plaintiff's property damage claim [ECF 35] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendant's motion to bar Plaintiff's wage loss claim [ECF 36] is **GRANTED IN PART and DENIED IN PART**; and it is further

**ORDERED** that Defendant's motion to bar Plaintiff's expert Dr. Vijaykumar Kulkarni from testifying about disc herniations [ECF 37] is **DENIED**.

                                         s/ Stanley R. Chesler
                                         STANLEY R. CHESLER
                                         United States District Judge